UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

DOMINIQUE ROBINSON,

                                   Plaintiff,

                         -against-

CITY OF NEW YORK; and JOHN and JANE
DOE 1 through 10, individually and in their official
capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                   Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

14 CV 5321

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United

States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and

1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiff demands a trial by jury in this action.

## **PARTIES**

6.     Plaintiff Dominique Randall ("plaintiff" or "Ms. Randall") is a resident of Kings County in the City and State of New York.

7.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11.     At approximately 6:00 a.m. on August 15, 2013, Ms. Robinson lawfully inside of her mother's home at 291 Patchen Avenue in Brooklyn, New York.

12.     At the time in question, Ms. Robinson who does not live at the abovementioned address, was visiting her mother.

13.     While Ms. Robinson slept, defendants stormed the home, entered the room where she slept, pointed their guns at her and pulled her out of the bed in her bra and panties.

14.     Defendants handcuffed and searched Ms. Robinson; no contraband was recovered from plaintiff.

15.     Ms. Robinson was eventually taken to the 81st Precinct.

16.     Ms. Robinson had never before been arrested.

17.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in possession of a controlled substance.

18.     At no point did the officers observe Ms. Robinson in possession of a controlled substance.

19.     Ms. Robinson was taken to Brooklyn Central Booking.

20.     Plaintiff was arraigned in Kings County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal.

21.    After approximately twenty-four hours in custody, plaintiff was released.

22.    Ms. Robinson suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

23.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

25.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

26.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

28.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

29.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30.     The individual defendants created false evidence against plaintiff.

31.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

32.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

33.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure To Intervene

34.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

36. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### *Monell*

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. This is not an isolated incident.

40. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

41. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

42.     The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

43.     The City, at all relevant times, was, upon information and belief, aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

44.     The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

45.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

    (a)  Compensatory damages against all defendants, jointly and severally;

    (b)  Punitive damages against the individual defendants, jointly and severally;

    (c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    (d)  Such other and further relief as this Court deems just and proper.

Dated:        September 11, 2014
             New York, New York

                    HARVIS WRIGHT & FETT LLP

                    _____

                    Baree N. Fett
                    305 Broadway, 14th Floor
                    New York, New York 10007
                    (212) 323-6880
                    bfett@hwandf.com

                    *Attorneys for plaintiff*